| | |
|---|---|
| 1 | ERIC GRANT<br>United States Attorney |
| 2 | ELLIOT WONG<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700 |
| 5 | |
| 6 | Attorneys for Plaintiff<br>United States of America |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES, | CASE NO. 2:25-MJ-0131-JDP |
|---|---|
| Plaintiff, | UNITED STATES' MOTION FOR DETENTION |
| v. | Date: September 22, 2025<br>Time: 2:00 p.m. |
| ANIBAL HERNANDEZ SANTANA, | Judge: Hon. Chi Soo Kim |
| Defendant. | |

1

The Court should schedule a detention hearing for defendant Anibal Hernandez Santana, and, at the hearing, detain him because there is no condition, or combination of conditions, that will reasonably assure his appearance as required and protect the safety of the community.

A. Factual Background

Hernandez Santana is charged in this case with possessing and discharging a firearm within a school zone in violation of 18 U.S.C. §§ 922(q)(2)(A) & (q)(3)(A) and interfering with a radio communication station in violation of 47 U.S.C. § 333. On September 19, 2025, Hernandez Santana first discharged a firearm in the direction of the KXTV/ABC 10 station while within a school zone. Hernandez Santana then drove around the block to the front of the KXTV/ABC 10 station and fired three more shots directly into the building's lobby. The building was occupied at the time, although luckily no one was injured.

The Sacramento Police Department arrested Hernandez Santana later that evening. He was released on a $200,000 bail the following afternoon. Hours after his release in the state case, the FBI made a probable cause arrest and took him back into custody. The United States obtained a criminal complaint and arrest warrant on Sunday, and an amended criminal complaint on Monday morning.

Law enforcement executed search warrants for Hernandez Santana's person, home, and car. Hernandez Santana's appearance resembled that of the shooter and his car matched the description of the shooter's vehicle. Law enforcement found gunpowder residue on Hernandez Santana's hands and a firearm in Hernandez Santana's home that matched that used in the shooting. Law enforcement also found clothing and a satchel in Hernandez Santana's home that matched what the shooter had worn.

Attached to Hernandez Santana's refrigerator was a weekly planner. Under "Friday," there was a handwritten note that said, "Do the Next Scary Thing." Law enforcement also found in Hernandez Santana's car a handwritten note that read, "For hiding Epstein & ignoring red flags. Do not support Patel, Bongino, & AG Pam Bondi. They're next. – C.K. from above."[1]

///

///

---

[1] Law enforcement did not conduct this search of Hernandez Santana's vehicle until after he had been released in his state case.

### B. A detention hearing is authorized because Hernandez Santana is charged with an offense under § 3142(f)(1)(A).

The Bail Reform Act of 1984 ("BRA") governs the release or detention of pretrial defendants. On motion by either the United States or the Court, the defendant may be detained pretrial in cases involving certain enumerated offenses and offense-specific factors set forth in 18 U.S.C. § 3142(f)(1) and/or the factors set forth in 18 U.S.C. § 3142(f)(2). *See United States v. Wang*, no. 2:22-PO-0032-JAG-1, 2022 WL 2182604, at *2 (E.D. Wash. June 16, 2022). The government may satisfy this burden by presenting these facts by proffer. *See* 18 U.S.C. § 3142(f) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."); *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("As in a preliminary hearing for probable cause, the government may proceed in a detention hearing by proffer or hearsay.").

Among the charges Hernandez Santana faces are violations of 18 U.S.C. §§ 922(q)(2)(A) & (q)(3)(A) – possessing and discharging a firearm within a school zone. These are offenses under § 3142(f)(1)(A), as possessing discharging a firearm in violation of § 922(q)(2)(A) & (q)(3)(A) are felony offenses "that involves the possession or use of a firearm . . . ." 18 U.S.C. § 3142(f)(1)(E). Accordingly, the Court "shall hold a detention hearing" to determine to determine whether any condition or combination of conditions will reasonably assure Hernandez Santana's appearance and the safety of the community.

### C. Hernandez Santana should be detained because there is no condition or combination of conditions that can reasonably assure the safety of the community and his appearance.

Section 3142(f) contemplates that when the Government moves for detention, a detention hearing "shall be held immediately upon the person's first appearance" unless one of the parties seeks a continuance. The government is prepared to proceed with the detention hearing at the first appearance.

In making the determination whether a "condition or combination of conditions will reasonably assure the appearance of [the defendant] as required and the safety of any other person or the community," the Court must look to the factors set forth in 18 U.S.C. § 3142(g). These include (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

3

1  (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. § 3142(g)(1)-(4). These factors definitively weigh in favor of Hernandez Santana's detention, as both a flight risk and a danger.

Hernandez Santana poses a danger to the community if released. He is charged with serious and violent offenses in connection with shooting into the air in the direction of a television station while within a school zone and then driving around the block to shoot three times directly into the station's lobby, which was occupied at the time.

This was not a brief ideation. Instead, Hernandez Santana had evidently planned out his attack on the television station, as demonstrated by the fact that he wrote on a weekly planner attached to his refrigerator, "Do the Next Scary Thing."

What's more, the evidence suggests Hernandez Santana wanted to commit future violent acts. The handwritten note found in Hernandez Santana's vehicle—which states that "For hiding Epstein & ignoring red flags. Do not support Patel, Bongino, & AG Pam Bondi. They're next. – C.K. from above."—indicates that he may have been planning additional acts of violence.

Law enforcement found one pistol during the search of Hernandez Santana's home, which matched the caliber used during the shootings. And while that was the only firearm that law enforcement found in Hernandez Santana's possession, database check revealed purchase records for additional firearms under his name. Accordingly, there is a possibility that Hernandez Santana possesses additional firearms, which are unknown to the FBI.

Hernandez Santana also poses an unreasonable risk of flight. He is separated from his wife, lives on his own, and his other family and community ties are unknown at this time. He further has an incentive to flee, given the significance of the charges he faces.

///
///
///
///
///

4

**D. Conclusion**

The Court should hold a detention hearing in this case, as Hernandez Santana is charged with an offense under § 3142(f)(1)(A).  Then, at the hearing, Hernandez Santana should be detained as he poses an unreasonable danger to the community and a risk of flight.  There is no condition, or combination of conditions, that will reasonably assure his appearance and the safety of the community.

Respectfully submitted,

Dated:  September 22, 2025                                ERIC GRANT
                                                          United States Attorney

                                                    By:   /s/ ELLIOT C. WONG
                                                          ELLIOT C. WONG
                                                          Assistant United States Attorney